IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA LOGAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-0761 |
| | : | |
| IN-TER-SPACE SERVICES, INC. | : | |
| d/b/a INTERSPACE AIRPORT | : | |
| ADVERTISING | : | |
| Defendant. | : | |

MEMORANDUM AND ORDER

Stengel, J.                                                                                                  August 15, 2007

Plaintiff Patricia Logan filed a motion in this employment discrimination case for leave to file an amended complaint. The plaintiff wishes to add: (1) two additional counts against defendant In-Ter-Space Services, Inc. d/b/a Interspace Airport Advertising pursuant to the Pennsylvania Human Relations Act ("PHRA"), and (2) one count against four new individual defendants, who are Interspace employees, alleging aiding and abetting under the PHRA. The proposed amended complaint does not allege any new facts. Defendant Interspace opposes the motion. It argues that permitting the amendment would be inequitable and futile. I will grant the motion to amend.

**I.     BACKGROUND**

Plaintiff Logan filed her original complaint in this court on February 26, 2007. The complaint names only Interspace as a defendant. Logan claims certain employees of Interspace harmed her with their sex-based harassment, sex-based discrimination, and

other discriminatory and retaliatory practices. On June 15, 2006, Logan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Rights Commission ("PHRC"). On December 4, 2006, the EEOC issued a Notice of Right to Sue and this action was timely filed within 90 days. The complaint asserts three counts against Interspace, all actions under Title VII, 42 U.S.C. § 2000e *et seq*.[1]

On April 26, 2007, PHRC sent defense counsel notice that it had closed its case related to this matter. On May 3, 2007, Interspace filed its answer and counterclaims. On June 1, 2007, this court held a Rule 16 conference with counsel and on June 4, 2007, a scheduling order was entered on the docket. Pursuant to the scheduling order, Rule 26 initial disclosures were due on June 15, 2007 and all fact discovery must be completed by December 14, 2007. On July 17, 2007, four days after defense counsel objected to the inclusion of individual defendants in the caption of the case on the plaintiff's interrogatories, the plaintiff filed her motion to amend the complaint.

## II.   STANDARD TO GRANT LEAVE TO AMEND COMPLAINT

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course. . . . Otherwise, a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so

---

[1] The defendant points out that the preliminary statement in the original complaint states: "This action is brought under Title VII . . . andTitle [sic] 43 Pa. Cons. Stat. Ann. § 951 *et seq*." However, no claims were brought under that Pennsylvania statute in the original complaint. This incorrect statement may be evidence of sloppy lawyering, but it is not evidence of bad faith.

requires." FED. R. CIV. P. 15(a).  "While this Rule also states that leave to amend should be 'freely given,' a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003) (citing Foman v. Davis, 371 U.S. 178 (1962)).  Thus, an amendment must be permitted unless it would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109 (3d Cir. 2002).

**III.  DISCUSSION**

Plaintiff's motion and accompanying memorandum request leave to amend her complaint to add claims under the PHRA.  The plaintiff makes the argument that she could not include her PHRA claims in her original complaint because § 962(c) of the PHRA requires a complaintant to wait one year from the filing of her administrative charge to seek relief in court.[2]  Interspace's opposition to the plaintiff's motion rests on grounds of undue delay, bad faith, prejudice, and futility.  I will discuss each of the defendant's objections below.

    A.    Undue Delay, Bad Faith, and Prejudice

---

[2] The plaintiff also cites Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997), but Woodson's holding does little to support the plaintiff's excuse.  The plaintiff's argument, however, does have merit as explained in Burgh v. Borough Council of Montrose, 251 F.3d 465, 471 (3d Cir. 2001) ("A [PHRC] complainant may not file an action in court for a period of one year." (citing Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 921 (Pa. 1989); 43 PA. CONS. STAT. § 962(c)(1))).

Interspace relies on the exhibits to its brief,[3] "the dearth of legal support for plaintiff's excuse for her failure to assert a PHRA claim in the original Complaint and the hiatus of nearly five months between the original Complaint and the Motion For Leave to Amend" to support its claim of undue delay and bad faith.  Further, Interspace contends that it will be prejudiced if leave to amend is granted because it would require amendment to its pleading and it would delay and complicate this suit.

The denial of a motion to amend a complaint based on the movant's undue delay must be based on more than the mere passage of time.  "However, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."  Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (citation and quotations omitted).  While bearing in mind the liberal pleading philosophy of the federal rules, "[t]he question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier . . . ."  Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  As for prejudice, a court should focus on the hardship to the defendant if the amendment was permitted.  See Cureton, 252 F.3d at 273.  "Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and

---

[3]Interspace attached the following exhibits to its brief in opposition to the motion to amend the complaint: (1) a copy of the docket detailing the various deadlines and filing dates in this case; (2) a letter from the PHRC dated April 26, 2007 that indicates PHRC closed Logan's case; (3) the parties' Report of Rule 26(f) Conference and Proposed Case Management Order; (4) the first page of the plaintiff's interrogatories and document request "Directed to Defendants;" and (5) July 13, 2007 email from defense counsel to plaintiff counsel requesting that written discovery be recaptioned to exclude incorrectly named Scott Appnel, Robert Lovell, Mark Lieberman, and Corrie Davies as defendants.

preparation to defend against new facts or new theories." Id.

Logan's five month delay in seeking leave to amend is understandable and reasonable. See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (stating that "only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year" and that "a period of eleven months from commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable"). The plaintiff's excuse for the delay is legitimate. Logan could not file her PHRA claims with her original complaint because the PHRC maintains exclusive jurisdiction over an employment discrimination claim until the expiration of one year or until the PHRC closes its case, whichever occurs sooner. See 43 PA. CONS. STAT. § 962; Burgh v. Borough Council of Montrose, 251 F.3d 465, 471 (3d Cir. 2001); McGovern v. Jack D's, Inc., No. 03-5547, 2004 U.S. Dist. LEXIS 1985, at *26-27 (E.D. Pa. Feb. 3, 2004); Padgett v. The YMCA of Philadelphia, No. 97-6172, 1998 U.S. Dist. LEXIS 18693, at *15-18 (E.D. Pa. Nov. 25, 1998). Here, the PHRC closed the plaintiff's case on or around April 26, 2007. See Def. Br. Opp'n Ex. 2. Therefore, the earliest Logan could have raised the PHRA claims was on that date.[4] The fact that she did

---

[4] Interspace points out that when the PHRC closed its case against Logan around April 26, 2007, Interspace had not filed its answer. In fact, Interspace filed its answer on May 3, 2007. Thus, between April 26th and May 3rd, Logan could have amended her complaint to add the PHRA claims as of right pursuant to Rule 15(a). See FED. R. CIV. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."). While that is an accurate statement, Logan's failure to capitalize on those seven (7) days does not prevent her from taking advantage of the second part of Rule 15(a): "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. Likewise, the plaintiff's failure does not lead to the conclusion that the plaintiff's delay

not seek to include the PHRA claims in her complaint for almost another three months (and it appears only after defense counsel alerted her of the omission) does not equate to undue delay or bad faith. Once the error was uncovered, the plaintiff sought this court's approval to amend the complaint immediately. At most, the plaintiff was careless in failing to file the amendment earlier. And "[t]he liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently." Arthur, 434 F.3d 196, 206 (3d Cir. 2006) (citations omitted).

As for any prejudice, this case is in the early stages. Discovery has just begun and is scheduled to continue until the end of the year. More importantly, the factual allegations underlying the amended complaint are identical to the factual allegations in the original complaint. Moreover, Interspace has not been prejudiced by this delay because the PHRA claims mirror the Title VII claims. As the Third Circuit has held: "[T]he PHRA is to be interpreted as identical to the federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." Slagle v. County of Clarion, 435 F.3d 262, 265 n.5 (3d Cir. 2006) (citing Fasold v. Justice, 409 F.3d 178, 184 n.8 (3d Cir. 2005)). In other words, the facts and legal theories for the Title VII and PHRA claims against Interspace are indistinguishable. Finally, the delay

---

was undue or her amendment is in bad faith. Or in the words of the Third Circuit, the delay was "neither egregious nor unexplained as to warrant refusal of leave to amend." Arthur, 434 F.3d at 204.

places a minimal burden on the court and the new defendants. The court will need to accommodate the new defendants, but since the additional defendants were actors in the original complaint, they most certainly are aware of, if not currently involved in, this litigation. Indeed, I doubt that there will be a need to change the current scheduling order.

Therefore, to allow the plaintiff to amend her complaint to add the requested PHRA claims would not be inequitable at this point in the case.

B.     Futility

Interspace argues on behalf of the proposed individual defendants Mark Lieberman, Robert Lovell, and Corrie Davies that the PHRA "aiding and abetting" count against them is futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted). Under this standard, a court must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988)).

Section 955(e) of the PHRA forbids:

any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order

>   issued thereunder, or to attempt, directly or indirectly, to commit any act
>   declared by this section to be an unlawful discriminatory practice.

43 PA. CONS. STAT. § 955(e). "[A]n individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision." Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C., 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998) (citing Dici v. Pennsylvania, 91 F.3d 542, 552-53 (3d Cir. 1996)).

Here, accepting all facts in the amended complaint as true, the PHRA claim against Lieberman, Lovell, and Davies is not futile. Logan alleges that each of these individuals was in a supervisory position with Interspace. See Am. Compl. ¶¶ 3, 4, 6. Further, Logan claims that each of these proposed defendants knew or had reason to know of the acts alleged in the complaint. See Am. Compl. ¶ 13, 20, 49. The remainder of the complaint suggests that these individuals failed to take remedial action to end the repeated harassment of Logan, despite their knowledge of it. See Am. Compl. ¶¶ 24-25. Therefore, although Interspace's corporate structure and the supervisory responsibilities of the individual defendants are unclear, the amended complaint read in Logan's favor states a claim of aiding and abetting against Lieberman, Lovell, and Davies for failing to stop the discrimination against Logan. See Dici, 91 F.3d at 552-53; O'Neil v. Diocese of Erie, No. 06-65E, 2006 U.S. Dist. LEXIS 81002, at *10-11 (W.D. Pa. Oct. 23, 2006).

In addition, Logan avers that Lieberman, Lovell, and Davies fired her from her

position at Interspace in retaliation for Logan's sexual harassment complaints.  See Am. Compl. ¶ 26.  Accepting this allegation as true, direct involvement in the retaliatory action against the plaintiff subjects these supervisory employees to liability under section 955(e) of the PHRA.

Thus, the additional claims contained in the proposed amended complaint have merit and I will not deny the plaintiff's motion for leave to amend on futility grounds.

## IV. CONCLUSION

Based on the above reasons, I will grant the plaintiff's motion for leave to file an amended complaint.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA LOGAN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-0761 |
| | : | |
| IN-TER-SPACE SERVICES, INC. | : | |
| d/b/a INTERSPACE AIRPORT | : | |
| ADVERTISING | : | |
|     Defendant. | : | |

## ORDER

**AND NOW**, this 15th day of August, 2007, upon consideration of plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 8), and the response thereto, it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1) The plaintiff shall file an amended complaint within five (5) days of this Order.

2) Interspace shall have fourteen (14) days from the filing of the amended complaint to file an answer to the amended complaint.

3) The new individual defendants shall have twenty (20) days from the filing of the amended complaint to file an answer to the amended complaint.

4) The new individual defendants shall have thirty (30) days from the date of this Order to make their Rule 26 initial disclosures.

5) The Scheduling Order dated June 4, 2007 shall remain unchanged. See Docket No. 7.

6)	The plaintiff's Motion for Leave to File a Reply Brief (Docket No. 10) is

**DENIED** as moot.

							BY THE COURT:


							 /s/ Lawrence F. Stengel				
							LAWRENCE F. STENGEL, J.